FILED

MAR 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEDA MARGARYAN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

Nos.  07-71247
08-70665

Agency No. A096-066-839

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

In these consolidated petitions for review, Seda Margaryan, a native and

citizen of Armenia, petitions for review of the Board of Immigration Appeals'

("BIA") orders dismissing her appeal from an immigration judge's decision

denying her application for asylum, withholding of removal, and relief under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT") (No. 07-71247), and denying her motion to reopen (No. 08-70665). We review for abuse of discretion the BIA's denial of a motion to reopen, *see Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petitions for review.

In her opening brief, Margaryan does not challenge the denial of her asylum claim as untimely, the dispositive adverse credibility determination based on testimonial inconsistencies with her original declaration, or the denial of her CAT claim. Accordingly, Margaryan does not challenge the BIA's March 22, 2007, order dismissing her underlying appeal. *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not abuse its discretion in denying Margaryan's motion to reopen because she filed it over eight months after the BIA's March 22, 2007, dismissal of her underlying appeal, *see* 8 C.F.R. § 1003.2(c)(2), and Margaryan failed to establish grounds for equitable tolling due to her lack of diligence, *see Iturribarria*, 321 F.3d at 897 (noting that equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error").

**No. 07-71247:**      **PETITION FOR REVIEW DENIED.**

**No. 08-70665:**      **PETITION FOR REVIEW DENIED.**